**SIGNED this 17 day of November, 2016.**



```
_____
        John T. Laney, III
    United States Bankruptcy Judge
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| **In re:** | * | |
| **Marshall Stephen McGill, Sr. and** | * | |
| **Teresa Yvonne McGill,** | * | **Chapter 7** |
|         Debtors, | * | **Case Number: 16-40367-JTL** |
| | * | |
| **First-Citizens Bank & Trust Company,** | * | |
| **formerly also doing business as** | * | |
| **Capitol City Bank & Trust Company,** | * | |
| | * | |
|         Movant, | * | |
| | * | |
| v. | * | |
| | * | |
| **Marshall Stephen McGill, Sr. and** | * | |
| **Teresa Yvonne McGill,** | * | |
| | * | |
|         Respondents. | * | |

**MEMORANDUM OPINION ON CREDITOR'S
MOTION TO DISMISS THE CASE FOR CAUSE WITH PREJUDICE**

The Court held a hearing on the above-captioned Motion on November 3 and 4, 2016.

Prior to the start of the hearing, counsel for the Movant and the Respondents stipulated that the case should be dismissed, but the Respondents disputed that it should be dismissed with prejudice or that any sanctions should be imposed. During the hearing, Respondent Marshall Stephen McGill, Sr. terminated the services of his attorney and thereafter, represented himself Pro Se. Mr. McGill reaffirmed his position that he did not object to the dismissal of the case after terminating his attorney. The attorney continued to represent the Respondent Teresa Yvonne McGill.

FINDINGS OF FACT

The Respondents filed their schedules under penalty of perjury on May 19, 2016 listing the Movant's predecessor Capitol City Bank & Trust Company as having an unsecured and undisputed claim against the Respondents in the amount of $4,215,020.23. On June 23, 2016, the Movant filed a Motion for a 2004 examination and for production of documents. The Respondents appeared at their Meeting of Creditors held in this case and gave brief testimony on June 27, 2016.

The Court granted the production of documents and scheduled the Bankruptcy Rule 2004 examination for July 27, 2016, a date agreed to between counsel. The Respondents original counsel moved to withdraw from the case. The Court held a hearing on July 26, 2016 and entered an Order on the same date substituting new counsel for the Respondents. On July 27, 2016, the Court entered an Order rescheduling the Rule 2004 examinations of the Respondents until August 17, 2016 in order to allow new counsel to prepare. The requirement for production of documents prior to the examination was not changed. The Court was advised during the hearing on July 26, 2016 by counsel for the Movant that the purpose of the examination was to

determine whether or not the Movant should file a discharge objection in the case. Because the Respondents had requested a three-week delay in the examination, the Court's Order of July 27, 2016 also extended the date for this Creditor only to object to the Debtors' discharge or to the discharge of the Debtors' indebtedness to this Creditor, to and including September 12, 2016.

On August 10, 2016, on behalf of the Respondents, their new counsel filed an Objection to the Rule 2004 Examinations and Request for Production of Documents, and a Motion to Quash and for a Protective Order as to the Respondent Teresa McGill. The Court held a hearing on these Motions on August 15, 2016. On August 16, 2016, the Court entered an Order overruling the Respondents' Objection to the Bankruptcy Rule 2004 Examinations and Request for Production of Documents. The same Order continued the Motion for Protective Order until August 29, 2016 in order for the Respondent Teresa McGill to produce admissible evidence as to her physical condition to support her Motion to Quash.

The Court held the hearing as scheduled on August 29, 2016. The Respondents' Motion to Continue that hearing was denied. The Respondents produced no admissible evidence on Respondent Teresa McGill's physical condition. After the hearing, the Court entered an Order directing the Respondents to provide dates, times, and places for Respondent Teresa McGill's examination and requiring that those dates be within the next 30 days. The evidence shows that no dates for her deposition were provided within the next 30 days.

Respondent Marshall McGill produced some documents that had been ordered produced, and he submitted to a partial Rule 2004 examination on August 17, 2016. The examination was to be continued by agreement of counsel after the additional requested documentation had been provided by Respondent Marshall McGill. On Motion by the Movant for a further extension of

the bar date for filing dischargeability complaints in this case, the date was rescheduled for October 17, 2016. In the Court's Order of September 12, 2016, the Respondents were again ordered to attempt to conclude the examinations in question as soon as possible.

On October 10, 2016, the Movant moved to dismiss the case for cause and "with prejudice" and also moved to extend the time to file discharge or dischargeability complaints until the latter of November 17, 2016 or two weeks after ruling on the Movant's Motion to Dismiss. The Court conducted a hearing on October 13, 2016 by telephone with counsel and as a result, extended the deadline to November 10, 2016. The Respondents through counsel agreed that the Respondents would appear for their Rule 2004 examinations at an office in Columbus, Georgia on October 20, 2016. After that telephone conference, the Court entered an Order rescheduling the examinations of the Respondents for 10:00 a.m. October 20, 2016 at an office in Columbus, Georgia.

The Debtors did not appear and did not produce any additional documents on October 20. Respondent Teresa McGill was admitted to the hospital on that date, and Respondent Marshall McGill went with her to the hospital after advising counsel that they would be unable to attend the examinations on that date. After that date, the Respondents produced no additional documents and suggested no additional dates for conclusion of the examinations.

On October 28, 2016, the Movant filed a supporting brief and affidavit of Attorney William K. Carmichael in support of the Motion to Dismiss with Prejudice. On November 3, 2016, the Respondents filed a response with no opposition to the Motion to Dismiss except to the extent that it requested the dismissal be with prejudice. At the time of the hearing on November 3 and 4, 2016, Respondent Teresa McGill did not appear in person and Respondent Marshall

McGill did appear. On the first day of the hearing, Mr. McGill said that he had brought additional documents with him but refused to turn them over to counsel for the Movant or to offer them in evidence on that date. On the second day of the hearing, Respondent Marshall McGill did offer additional responses to the Notice to Produce, which were admitted in evidence. The responses were still incomplete in that the Respondents failed to produced the following: (a) documents showing total income received through October 2016; (b) documents related to their use of bank accounts in the name of Kingdom Metropolitan Worship Centre, Inc.; (c) documents relating to their receipt of income or monies from Marshall McGill Ministries International, Inc.; and (d) all of the bank statements between May 2013 and October 2016 for Mr. McGill's Wells Fargo account ending in 2344. The Responses to Requests for Production Nos. 1, 2, 3, 8, 27, 28 and 29 were partial in that the Respondents only produced some of the bank statements for the Wells Fargo account; an IRS Wage and Income Transcript for Tax Period December 2013; an IRS Tax Return Transcript for Tax Period Ending December 31, 2013; a W-2 for Mr. McGill from Kingdom Metropolitan Worship Centre, Inc. for the year 2014; a Form 1040 for the years 2014 and 2015, including attachments; a Georgia Form 500 for the year 2015, and a Georgia Form 500 UET for year 2016.

      Counsel for the Movant, Mr. Carmichael, emailed counsel for the Respondents, Attorney Ebony Ameen, numerous times attempting to schedule the examinations of the Respondents. The Court notes that the Orders entered by this Court regarding the examinations placed the burden of providing dates for the examinations on the Respondents. On August 31, 2016, Mr. Carmichael emailed Ms. Ameen, stating that he had not received the additional documents the Court ordered Mr. McGill produce and requesting dates to both continue Mr. McGill's

examination and conduct Mrs. McGill's examination. On September 2, Mr. Carmichael sent a follow-up email to Ms. Ameen because he had yet to receive a reply to his August 31 email. On September 14, Mr. Carmichael emailed Ms. Ameen again to make the same requests as he had made in his previous emails and to provide dates on which he would be available to conduct the examinations. On September 20, Ms. Ameen replied to Mr. Carmichael's emails but did not provide a date for the Respondents' examinations. That same day, Mr. Carmichael responded to Ms. Ameen, again providing dates on which he would be available. On October 5, Ms. Ameen emailed Mr. Carmichael, in which she attached some documents requested by the Movant and a document titled Debtor's Responses and Objections to the Bank's Request for 2004 Examination and Production of Documents. The objections raised in that attached document had previously been ruled on by this Court. On October 7, Mr. Carmichael sent Ms. Ameen a letter via email, in which he referred Ms. Ameen to the Court's Orders in this case, highlighted his numerous attempts to schedule the examinations, and reminded Ms. Ameen of the burden placed upon the Respondents to comply with those Orders. In Ms. Ameen's response dated October 17, she stated that she would forward the October 7 letter to her clients and asked Mr. Carmichael if there were any additional documents that he believed were in the Respondents' possession, custody, or control. Mr. Carmichael responded that the Respondents failed to produce records of certain time periods for the Wells Fargo account ending in 2344, and he asked that those documents be produced. Lastly, on October 26, Mr. Carmichael sent Ms. Ameen a letter via email, in which he described the Respondents' continued failure to produce the documents ordered to be produced by this Court and their failure to appear for their examinations on October 20. Furthermore, Mr. Carmichael stated that he had received no additional documents

after October 17, despite Ms. Ameen's acknowledgment of receiving Mr. Carmichael's email request and her statement that she would forward Mr. Carmichael's email to the Respondents.

## CONCLUSIONS OF LAW

The Respondents having stipulated their agreement to the Dismissal of the case, the Court will enter an Order granting the Dismissal. With regard to Dismissal "With Prejudice" or with sanctions, the Court finds the Respondents' failure to produce documents and Respondent Marshall McGill's failure to appear for the conclusion of his examination to be cause for sanctions to be added.

Section 349(a) of the Bankruptcy Code provides that unless the court for cause orders otherwise, a dismissal of a case does not prohibit the debtor from filing a subsequent bankruptcy petition, except as provided in § 109(g). 11 U.S.C. § 349(a) (2016). Under § 109(g), "no individual . . . may be a debtor . . . who has been a debtor in a case pending . . . at any time in the preceding 180 days if the case was dismissed by the court for willful failure of the debtor to abide by orders of the court." 11 U.S.C. § 109(g)(1) (2016). Courts have imposed more strict prohibitions than 180 days for debtors' abuse of the bankruptcy process. *See In re Smith*, 536 B.R. 478, 482-83 (Bankr. M.D. Ala. 2015) (imposing a five-year injunction against refiling for debtor's willful violation of confirmation order in his Chapter 13 case)*; In re Shields*, 524 B.R. 769, 773-74 (Bankr. E.D. Tenn. 2015) (imposing a five-year ban on the debtor for his failure to cooperate and explain his prepetition business so that his financial condition could be determined); *In re Garcia*, 479 B.R. 488, 499 (Bankr. N.D. Ind. 2012) (imposing a three-year bar on husband-debtor for violating cash collateral orders and other orders regarding rents from his

business and a one-year bar on wife-debtor for disingenuous testimony at an evidentiary hearing and neglecting her fiduciary duty she had for an account actively misused by the husband-debtor).

Respondent Marshall McGill was ordered a number of times to produce documents and to appear for his Bankruptcy Rule 2004 Examination. The Court entered six Orders directing Respondent Marshall McGill to produce documents and to appear for his Bankruptcy Rule 2004 Examination. McGill did appear for an examination; however, that examination was partial because of Mr. McGill's failure to produce documents. The continued examinations of the Respondents were not held because Mrs. McGill was taken to the hospital on the date of that examination. Other than those two attempts, Respondent Marshall McGill's conduct in response to the Court's Orders was obstructive and designed to delay, and if possible, avoid compliance with the Court's Orders. Sanctions are within the discretion of the Court. The Court finds that an appropriate sanction will be to prohibit Respondent Marshall McGill from filing a new bankruptcy case in this or any other United States Bankruptcy Court for 36 months from the date of the Dismissal.

With regard to Respondent Teresa McGill, the Court finds that her illness and hospitalization excused her appearance for her examination on October 20, 2016. The Court notes that despite numerous requests by the Court for medical testimony concerning Respondent Teresa McGill's ability to appear and give testimony at an examination, and despite the fact that her physicians were subject to subpoena so that they could have been subpoenaed to appear in person or their depositions could have been taken and offered in evidence, no admissible expert medical evidence was submitted. Exercising its discretion, the Court finds that the failure of

Respondent Teresa McGill to appear for an examination or produce documents pursuant to Bankruptcy Rule 2004, despite repeated Orders to do so, calls for the imposition of a prohibition on re-filing a bankruptcy case in any United States Bankruptcy Court for a period of 12 months from the date of the Dismissal.

An Order will be entered in accordance with this Memorandum Opinion.